# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>SUSAN GILLIS,<br><br>                  Debtor<br>_____<br><br>BRANCH R. YULES,<br><br>                  Plaintiff<br><br>v.<br><br>SUSAN GILLIS,<br><br>                  Defendant | Chapter 7<br>Case No. 05-23528-RS<br><br><br><br><br>Adversary Proceeding<br>No. 06-01007<br><br><br>[NOT FOR PUBLICATION] |

### MEMORANDUM OF DECISION AND ORDER ON
### MOTION OF SUSAN GILLIS FOR DIRECTED VERDICT

On March 14, 2007, the Court conducted a combined trial and evidentiary hearing on three discrete but connected matters in this Chapter 7 case: (a) a complaint against the debtor for exception to discharge and for revocation of discharge ("Complaint"); and (b) two sanctions motions against the debtor predicated on the same conduct but seeking different penalties ("Sanctions Motions").[1]  The parties are Susan Gillis, the defendant in the Complaint and debtor in the case; Branch Yules, the plaintiff in the Complaint and moving party in one of the Sanctions Motions; and Mark DeGiacomo, the Chapter 7 trustee and moving party in the other of the Sanctions Motions.

Upon completion of the evidence of the plaintiff and of the Chapter 7 trustee, the

---

[1] The plaintiff filed his motion for sanctions in this adversary proceeding. The Trustee filed his motion for sanctions in the bankruptcy case.

defendant/debtor moved for a directed verdict on all counts of the Complaint and on the Sanctions Motions.  Upon consideration of the matter, the Court, treating the motion for directed verdict as one for judgment on partial findings, will allow the motion as to the Sanctions Motions and as to counts under § 523(a)(2)(A), § 523(a)(4), and § 727(d)(3) but deny it as to the counts under § 523(a)(6), § 727(d)(1), and § 727(d)(2) and schedule a continued trial day as to the counts remaining.

## I
## Background

Before her bankruptcy case on October 15, 2005, the debtor made an agreement with the plaintiff to join together in a real estate development project.  More particularly, in September 2003, they agreed to acquire, improve and sell at a profit a multi-unit residential property in Rhode Island ("Property") ("Venture").  The plaintiff agreed to contribute $135,000 for acquisition and improvement costs, and did so; the debtor agreed to supervise and manage the improvements and the rental operation at the Property, and did so.  The plaintiff and the debtor agreed to hold title to the Property as co-owners through a nominee trust, but the plaintiff abandoned that vehicle when he learned from Rhode Island counsel that such a trust would not protect him from personal liability in connection with his co-ownership of the Property.  Title was then taken in the debtor's name with the understanding that the plaintiff was a co-owner and that an appropriate liability-limiting title-holding vehicle would ultimately be employed to reflect their co-ownership.  This did not occur and title remained in the debtor.  After acquisition of the Property, the debtor took a $224,000 mortgage loan against the Property, which she expended both on the Property and on items unrelated to the Property.  In her schedules, the debtor lists the Property, claiming a fifty-percent ownership interest therein.

Also in her schedules, the debtor lists, among other assets, the following:  an insurance

claim for water damage to the Property and a counterclaim in a civil action against Richard Santos and the Estate of Elizabeth Santos. During the case, the debtor received $25,000 in settlement proceeds on account of the Santos civil action and various amounts on account of the insurance claim but neither reported nor delivered these funds to the Chapter 7 trustee at the time she received them.

The debtor failed to appear at six scheduled Section 341 meetings, typically citing health concerns, and (telephonically) attended the March 31, 2006 Section 341 meeting only upon threat of sanction by the Court.

On November 22, 2006, at the request of the parties, the Court entered an agreed order directing the debtor (a) to file two amended schedules, (b) to turn over to the Chapter 7 trustee $25,000 "reflecting proceeds of civil litigation settlement" in the Santos litigation, and (c) to account for the water damage insurance proceeds ("November Order"). The debtor failed to comply with any of the three directives.[2]

## II
## Directed Verdict

A motion for directed verdict is appropriate only in a jury trial; when made in a bench trial, a motion for directed verdict is treated as a motion for judgment on partial findings under Rule 52(c) of the Federal Rules of Civil Procedure. Judgment on partial findings with respect to a particular count is appropriate where the party bearing the burden of proof has finished presenting evidence and the evidence is deemed by the trier insufficient to sustain the party's burden of proof as to that count. See *Morales Feliciano v. Rullan*, 378 F.3d 42, 59 (1st Cir. 2004); *Federal Insurance Co. v. HPSC, Inc.*, 480 F.3d 26, 32 (1st Cir. 2007).

---

[2] She contends that she provided the insurance proceeds account; the Chapter 7 trustee considers her account deficient and incomplete.

## III
## Findings and Rulings

**a.    Claims**

In the Complaint, the plaintiff seeks a determination that his claim against the debtor to recover funds he advanced in connection with the venture is excepted from discharge. He seeks that determination under § 523(a)(2)(A) (false pretenses, false representation or actual fraud); § 523(a)(4) (fraud or defalcation while acting in a fiduciary capacity); and § 523(a)(6) (willful and malicious injury). He also seeks revocation of the debtor's discharge under § 727(d)(1) (discharge obtained through fraud); § 727(d)(2) (failure to report or to deliver property of the estate); and § 727(d)(3) (refusal to obey a court order).

In the Sanctions Motions, the plaintiff seek sanctions on account of the debtor's "failure to comply with" the November Order, and the Chapter 7 trustee seeks sanctions on account of the debtor's "willful violation of" the November Order. For such non-compliance and breach, the plaintiff seeks either judgment on, or dismissal of, the Complaint while the Chapter 7 trustee seeks costs incident to his effort to obtain compliance with the November Order.

**b.    Claims Dismissed**

1.    *Section 523(a)(2)(A)*: In his post-trial submission, the plaintiff acknowledges that he has not met his burden of proof as to this cause of action and thus seeks its voluntary dismissal. Accordingly, this cause of action will be dismissed.

2.    *Section 523(a)(4)*: The plaintiff has failed to establish that the debtor acted in a fiduciary capacity in connection with the Venture. The trust agreement executed by the parties became inoperative and ineffective by their mutual agreement when the plaintiff learned that it could not serve as a title-holding vehicle to limit the plaintiff's personal liability. Moreover, the operating agreement setting forth their respective rights and obligations is not a partnership

4

agreement but rather a simple contract incident to the Venture.  In neither case—inoperative trust agreement or operating project agreement—does the debtor act in a fiduciary capacity as to the plaintiff.  Lastly, any resulting or constructive trust imposed in these circumstances would be employed as a remedy and would not satisfy the requirement of fiduciary capacity as used in § 523(a)(4).  "Fiduciary capacity," as used in § 523(a)(4), has consistently been limited to "the capacity of one who holds property under either an express trust or . . . a technical trust, but not under a trust imposed by law as a remedy, as a constructive trust, an implied trust, or a trust *ex maleficio*."  *In re Bologna*, 206 B.R. 628, 632 (Bankr. D. Mass. 1997).  Accordingly, the plaintiff has failed to establish a necessary element of this cause of action, that the debtor acted in a fiduciary capacity, and therefore this cause of action will be dismissed.  *See 4 Collier on Bankruptcy* ¶523.10[1][d] (15th ed. rev.).

    3.    *Section 727(d)(3) and the November Order* - As to the second of the three court directives in the November Order forming the basis for both the Complaint and the Sanctions Motions (concerning the so-called settlement proceeds), (a) the plaintiff has failed to establish that the debtor *refused* to obey the November Order and (b) the Chapter 7 trustee has failed to establish that the debtor *willfully violated* that order.  The debtor acknowledges that she did not turn over the subject funds, but she also contends, and I find, that she did not have these funds (or any funds) at the time the order entered and hence had no ability to comply.  Moreover, the plaintiff and the Chapter 7 trustee acknowledge that they *knew* she did not have the settlement funds at that time.  While I do not find that they intentionally misstated the facts of this matter, the plaintiff and the Chapter 7 trustee *did* contribute to the impression that the order could be effective as to the "proceeds of civil litigation settlement" identified in the order.  Said

5

differently, the Court would not have entered the November Order as to the settlement funds had there been full and complete disclosure that the funds had already been dissipated. Whatever her deficiencies in performing her duties under the Code, the debtor cannot be held liable for a failure to remit funds she did not have, and, more importantly, in such circumstances, she cannot be shown to have *refused* to comply or to have *willfully violated* such an order. Accordingly, an element of this cause of action and of the sanctions claim—willful, intentional disobedience—has not been established, and this cause of action and claim will be dismissed. *See 7 Collier on Bankruptcy* ¶727.09[1] (15th ed. rev.).

**c.    Claims for Trial**

With respect to the causes of action in the Complaint under §§ 523(a)(6), 727(d)(1), and 727(d)(2) and the claims in the Sanctions Motions as to the first and third of the three directives in the November Order, the motion for judgment on partial findings must be denied.

**ORDER**

For the reasons set forth above, the motion of Susan Gillis for directed verdict is construed as a motion for judgment on partial findings and hereby granted as to plaintiff's counts under §§ 523(a)(2)(A), 523(a)(4), and 727(d)(3) but denied as to plaintiff's counts under §§ 523(a)(6), 727(d)(1), and 727(d)(2).  The motion for judgment on partial findings is also granted as to the Sanctions Motions of the plaintiff and the Trustee only insofar as these are predicated on the Debtor's noncompliance with the second of the three directives in the November Order.[3]  The motion for judgment on partial findings is denied as to the Sanctions Motions of the Debtor and the Trustee insofar as these are predicated on the Debtor's noncompliance with the first and third of the three directives in the November Order.  By separate order, a continued trial and hearing will be scheduled as to the matters not resolved by the present motion.

Date: June 28, 2007

_Robert Somma_
Robert Somma
United States Bankruptcy Judge

cc:  Edward K. Shanley, Counsel to Branch R. Yules
    William McLeod, Counsel to Susan Gillis
    Mark G. DeGiacomo, Chapter 7 Trustee

---

[3] With respect to those matters as to which the Debtor's motion for judgment on partial findings is granted, judgment will enter at the close of the adversary proceeding.